We'll hear argument now in the case of United States v. McCombs. Thank you, Your Honor. May it please the Court, Counsel, I represent Kamala McCombs, who was the defendant in a drug conspiracy case. She was sentenced by the District Court to 121 months. In the course of that sentencing, there was an objection made that the mitigating rule reduction under U.S. Sentencing Guideline 3B1.2 was not applied. The District Court conducted a hearing during the sentencing hearing and discussed the application of that guideline very briefly. The Court declined to apply a mitigating rule for being a minor participant. Under 3B1.2, had the Court applied that, Ms. McCombs could have received a two or three level reduction. The Court, during sentencing, enumerated the factors that are to be considered under the guidelines as they are listed in the comment in the notes. And the Court recited those guidelines, but then didn't discuss them more fully. The Court noted that it was appropriate to consider Ms. McCombs' role in the conspiracy and in relation to the other co-defendants and whether or not she was significantly more or less culpable than the other co-defendants. There were four co-defendants in this case. By all accounts, everyone agrees that Ms. Forsen was the leader in the case and that Ms. McCombs, Ms. Ng, and Ms. Henninger were less culpable than Ms. Forsen. The guideline 3B1.2 was amended in 2015 to include these additional factors for the Court to consider because it wasn't being applied enough. Because the U.S. Sentencing Commission saw that within conspiracies and within co-defendant cases that the Courts should apply and receive guidance in terms of fashioning sentences for multiple defendants charged within the same offense based on their conduct relative to each other rather than relative to a different crime or a different case, but within a conspiracy or within a multi-co-defendant case to section out and to be able to determine this person is more culpable than this other person, therefore they should receive different role assessments. During the course of this sentencing, the District Court judge noted that three of the co-defendants, Ms. Ng, Ms. Henninger, and Ms. McCombs, were all couriers. The Court then went on to discuss, though, that Ms. McCombs wasn't a courier like a FedEx courier would be, and therefore, based on that, the she did things during the course of transporting the drugs on the train like putting them in a suitcase, hiding them from law enforcement, and being secretive about it. That comparison would be to an innocent party, though. FedEx, in that example, would be an innocent carrier. The person at FedEx wouldn't know that they were picking up a package that contained something illegal. And that is not in relation to a drug conspiracy. Ms. McCombs or anyone else pleading guilty to a conspiracy has acknowledged that they have culpability in a criminal act. And so, if you were to think about a bank robbery example, you may have somebody who has a group of people who have planned out a bank robbery. Someone maybe has purchased a gun or masks. In the course of that conspiracy, perhaps they had somebody drive to the bank for them, and they said, we're going to go and rob the bank. You stay here. We'll come back out. During the course of the bank robbery, perhaps somebody gets shot. Those folks who have gone into the bank who possessed guns, who shot someone, who took money, would clearly be more culpable than the getaway driver. But that doesn't negate the culpability of the getaway driver in and of itself. The getaway driver is not an innocent person. It's not the equivalent of an Uber driver, where you don't know who you're picking up. The getaway driver would have been aware that a crime was being committed and would have had the understanding that he was a participant in the crime. That's different than the situation that the court suggests, which is the FedEx driver. A situation involving a FedEx courier would be an innocent participant. Ms. McCombs was not innocent. She participated in this drug conspiracy. So in applying the factors of 3B1.2... Counsel? Yes, Your Honor. I'm concerned about our standard of review. I didn't see in your brief any argument that the district judge made a clearly erroneous finding of fact. Am I missing something? I think that the clear error in this case would be that the court... I missed your question. Am I missing something in your brief? I think that we just... The phrase clearly erroneous is not in your brief. I thought that we... I didn't see an argument that the judge abused his discretion. What I perceived, maybe I'm wrong, is an argument that the judge simply is wrong in the sense that you thought he should have done something else. But we do have a standard of review that we don't second-guess the judge. We have to decide whether there was a clearly erroneous finding of fact or an abuse of discretion. I didn't even see an argument in your brief that either of those took place. And as I said, I wonder if I'm missing something. My understanding, Your Honor, is that regarding our first argument about the application of the sentencing guidelines, that the standard is clear error. And that regarding the sentencing disparity... As in a clearly erroneous finding. And that the court's clearly erroneous finding in this case was... But there's no such argument in your brief. I... What is the finding that is clearly erroneous in your view? That because Ms. McCombs was not a FedEx driver and that the definition of courier... That's not a finding of fact. There wasn't any dispute about what her job was. It's an error of analysis that analogizing Ms. McCombs to a FedEx driver is an error in legal analysis, not as to her actions within the case. Well, but the judge did consider other actions other than just the courier aspect, right? She... The judge talked about that Ms. McCombs brokered other sales and purchased large amounts and she agreed to receive shipments of drugs from Ms. Forsen and then have it picked up by another person. So there's other kind of facts that the judge relied on in determining that Ms. McCombs had not satisfied her obligation to prove by proponents of the evidence that the minor role enhancement or minimal role enhancement or the intermediary would apply. And so those facts go to whether or not she's culpable. The next step in this analysis to apply this guideline is to compare it to the other co-defendants. And the court grouped all of the co-defendants similarly. The court said that they were all couriers without relating back to each particular defendant's role within the conspiracy regarding who was paid for their services, who had brought other people into the conspiracy, that Ms. McCombs is culpable but it's not how terrible are her actions standing alone but it is what her actions are in relation to the other co-defendants. And the court did not apply that rubric in sentencing Ms. McCombs. This is a guideline that requires that the court consider Ms. McCombs' actions not in isolation but in relation to the other co-defendants. And the court did not do so in fashioning the sentence. The court did not discuss how other people had brought people into the conspiracy, how they had talked to people on the phone, how they were paid, how they similarly transported drugs secretly, the quantities of drugs, the amount of time that the other defendants spent within the conspiracy as compared to Ms. McCombs. I believe the middle part of April, so she's not been sentenced yet. Right. August, I take it. So that just leaves Henninger, right? Ms. Henninger, yes. Well, she was just in it for a few days. She took one train trip. Ms. McCombs was in it, what, for three months, I believe. Her ticket was purchased by a third party. She brokered a deal on behalf of another buyer. And Ms. Henninger received significant reduction. She received both the minimal participant, she received a four-level reduction, and then under a different guideline, she received another two levels off. So she, in the court's conclusion, was the most minimal participant based on her actions. And so if we accept that the court, in looking at that rubric, that would place the differentiation between Ms. Eng and Ms. McCombs. And we can tell, based on the stipulation of facts and the plea colloquies that were before the court prior to Ms. McCombs' sentencing as to the actions of the other co-defendants that were not analyzed during the course of the sentencing. I see that time is up. All right. Thank you, counsel.  May it please the court. Ms. McCombs was sentenced as her part of a conspiracy to traffic and drug trafficking. Ms. Hudson, if you would raise your voice, don't touch the microphone. Yes, Your Honor. This is a very big room, and the microphone does much more to record than to amplify. Thank you, Your Honor. I will do so. Ms. McCombs was sentenced for her role in a drug trafficking conspiracy. She was sentenced, and at that sentencing hearing, the defendant filed a motion for a sentence reduction and objection to the pre-sentence report. She sought a two- or three-level reduction in her sentence. The court held a hearing. The court considered the applicable law. The court made factual findings as it related to the sought-after reduction and found that the defendant was not substantially less culpable than the average participant. Ms. Hudson, is the minor participant designation always relative? You know, the language of guidelines describes someone who is, quote, you know, less culpable than most other participants. But what if there's one true ringleader and everyone else has a very minor role? Can they not all receive a reduction as a minor recipient? Is that possible? Your Honor, as I understand this court's law, the court looks to what the average person within the conspiracy charged within the indictment. So it's my understanding that we could have a situation where no one receives a minor role. In this case, I believe that the court very correctly went through the factors that no error existed. And if we do look at the record at the whole, particularly that which was available to the court at the time of the hearing, this court very thoroughly went through the evidence that was available and made the comparison as to what this particular defendant did without improperly considering what forcing may have done. We believe that the entire evidence available to the court on the record shows that there is no firm or definitive conviction that a mistake has been made. The United States respectfully submits there was no mistake, and thus there is no procedural error. This court is already in discussion with Ms. McComb's counsel to discuss the different factors that existed, so I will not belabor those at this time. The second issue that the defendant raised is the substantive due process. And in this case, the United States wishes to raise three specific points. First, the defendant raises a specific phrase within the sentencing transcript, page 7, lines 14 to 18. I would expand that and look to lines 11 through 25. It appears to the United States that what the complaint of wording is as well. It is the United States' perception that when this as well statement is referenced, the district court is not referring to a comparison between McComb's, Eng, and Henninger, but rather is listing factors that the court is using to find that this defendant is not substantially less culpable than the other persons involved in the conspiracy. Thus, the factors involved, not a direct comparison. Thus, there is no error, no substantive error here. The second issue I'd like to raise is as it relates to the Solomon case. The United States would point out that the defendant asserts that the court may look to the sentencing that occurred in Henninger and see that there was a sixth-level difference. The United States asserts that Solomon is a very specific factual case where the defendants involved were, while not simultaneously sentenced, the cases were run together, and I believe if the court looks to the ECF findings specifically, for example, number 56, the court will see that the judge in that case made an effort to run all three defendants' cases together. Thus, the court had the pre-sentence reports for all three persons at the time of the sentencing of Mr. Solomon. So there is a factual distinction which Solomon should not apply. In this case, did the district court have Ms. Henninger's pre-sentence investigation report and the sentencing briefs by the time she sentenced Ms. McComb? No, Your Honor. The court did not have that. The pre-sentence report, I believe, came out approximately one month later. My final comment to the court as it relates to the substantive due process, in comparison with Henninger, it is simply clear why there is a distinction between Henninger and McCombs, and we believe that the correct exercise of judicial discretion was exercised in all cases that have thus been sentenced, and we ask the court to uphold the sentencing. Thank you, Your Honors. Thank you. Thank you, counsel. The case is taken under advisement.